# Exhibit A – Plaintiff's Complaint

STATE OF MICHIGAN IN THE
CIRCUIT COURT FOR THE COUNTY OF WAYNE

ANGELA DELORES SAUNDERS
    Plaintiff,

vs.

THE HOME DEPOT, INC., a
Foreign corporation
    Defendant

Case no. -CZ

20-011991-CZ
Hon. Patricia Perez Fresard

_____/

## CERTIFICATION

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after been assigned to a Judge MCR 2.113© (20 (b).

/s/Ernest L. Jarret

## COMPLAINT AND JURY DEMAND

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Angela Delores Saunders, is a resident of the State of Michigan.

2. Defendant, The Home Depot, Inc., is a foreign corporation, doing business in the State of Michigan. Specifically, defendant operates a retail store at 39500 7 Mile Road, in Northville TWP, Michigan.

3. The amount in controversy exceeds $25,000.

4. All events, transactions or occurrences alleged herein occurred in Northville, TWP., Michigan unless specifically alleged otherwise.

5. This matter is otherwise properly before this Honorable Court.

### FACTS

6. Paragraphs 1-5 are realleged and incorporated by reference as if fully set forth herein.

1

7. On or about April 26, 2020, Plaintiff went to the Home Depot store located in Northville, Twp., Michigan, for the purpose of purchasing merchandise sold at the store.

8. After selecting the items she wanted to buy, Plaintiff took her place in line for check out.

9. Because of the coronavirus pandemic, the defendant undertook a variety of measures intended to minimize the risk of transmission of the virus between customers and/or store employees.

10. Among the measures undertaken by defendant was the requirement for customers to maintain "social distancing" of at least six feet between customers in line for a cashier or self check-out kiosk. In turn the "social distancing" caused the line to be elongated and bent into the front floor area of the store, into which each aisle of merchandise emptied.

11. A store employee was assigned to direct customer check-out traffic, which included directing customers to check-out lanes as they became open; reminding customers to maintain six feet of separation, and directing customers to the end of the line.

12. After selecting the item she wanted, Plaintiff took her place in the check out line behind a large man. As the item of merchandise she wanted to purchase was small enough for her to hold in her hand, she did not use a shopping cart.

13. After Plaintiff took her place in line, at least two other customers took their places in line behind her.

14. The line progressed to the point that the man in front of Plaintiff was the next customer to check-out as soon as a cashier was available.

15. As the customers in line, including the Plaintiff, waited their turn to check-out a woman walked up an aisle which ended directly in front of a check-out lane. Apparently not

realizing that the line of customers bent into the front floor area, the woman approached the check-out lanes in front of several people in the line. Whereupon the store employed tasked with directing check-out line customers informed her that she was not at the end of the line and directed her to take a position at there.

16. As the woman began to comply with the store employee's direction, the man in front of the Plaintiff began telling the woman that she could take a position in front of him, notwithstanding that there were customers behind him in the check-out line.

17. Notwithstanding the fact that the man in front of the Plaintiff was urging the woman to unfairly cut line ahead of three other customers, and the fact that the employee's sole function was to direct and control customer traffic check-out traffic, the defendant's employee failed, neglected and refused to say or do anything to intervene in the man's attempt to have the woman cut the line.

18. In order to allow the woman to cut the line in front of him, the man began to back up, moving toward the Plaintiff. As he continued backing up, without any attempt by the store employee to stop him, the man stepped on the Plaintiff's foot and collided with her causing her to fall and suffer injury.

19. Defendant had a duty and/or assumed the duty to reasonably control customer traffic at the check-out lanes.

20. Defendant was negligent in its control of customer traffic in the check-out line.

21. As a proximate result of the defendant's negligence, Plaintiff suffered serious injuries.

WHEREFORE Plaintiff prays for judgment in her favor which includes:

    a. Compensatory damages;

b. Punitive and/or exemplary damages;

c. Cost of this suit;

d. Interest as provided by law;

e. Attorney fees;

f. Such other and further relief as is consistent with law or equity.

Respectfully submitted,

/s/Ernest L. Jarrett
Ernest L. Jarrett (P29770)
Attorney for Plaintiff
65 Cadillac Square Suite 2100
Detroit, MI 48226
(313) 964-2002 - (o)
eljlaw@yahoo.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully submitted,

/s/Ernest L. Jarrett
Ernest L. Jarrett (P29770)
Attorney for Plaintiff
65 Cadillac Square Suite 2100
Detroit, MI 48226
(313) 964-2002 - (o)
eljlaw@yahoo.com

Dated: September 14, 2020

11-5-2020    20200450986    6020201105014052

STATE OF MICHIGAN IN THE
CIRCUIT COURT FOR THE COUNTY OF WAYNE

ANGELA DELORES SAUNDERS
    Plaintiff,           Case no. -CZ

vs.

THE HOME DEPOT, INC., a
Foreign corporation
    Defendant
_____/

## JURY DEMAND

Plaintiff hereby demands trial by jury.

                              Respectfully submitted,

                              /s/Ernest L. Jarrett
                              Ernest L. Jarrett (P29770)
                              Attorney for Plaintiff
                              65 Cadillac Square Suite 2100
                              Detroit, MI    48226
                              (313) 964-2002 - (o)
                              eljlaw@yahoo.com

Dated: September 14, 2020