UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANGELA DELORES SAUNDERS**, <br><br> Plaintiff, <br><br> v. <br><br> **THE HOME DEPOT, INC.**, <br><br> Defendant. | 2:20-CV-13337-TGB-CI <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER DENYING MOTION FOR REMAND (ECF NO. 5)** |

This is a negligence action arising out of an incident at a Home Depot store in Northville Township, Michigan. Plaintiff Angela Delores Saunders alleges she sustained serious injuries when a customer collided with her while she stood in a check-out lane at the home improvement retailer. Plaintiff filed her original complaint in the Wayne County Circuit Court, claiming that Defendant The Home Depot Inc. ("Home Depot") had failed to comply with its duty to "reasonably control customer traffic at the check out lanes," when a store employee failed to stop a customer from inviting another woman to cut the line in front of him. ECF No. 1-1, PageID.14.

On December 21, 2020, Defendant Home Depot removed the case to federal court. Currently before this Court is Plaintiff's motion to remand (ECF No. 5), which contends that Defendant's filing of the notice

1

of removal was untimely. Having reviewed the briefing and relevant case law, the motion for remand will be **DENIED**.

## BACKGROUND

On April 26, 2020, Plaintiff Angela Saunders went to a Home Depot store located in Northville Township, Michigan. After selecting items, Plaintiff took her place in a check-out line that, due to the COVID-19 pandemic, extended back into the merchandise aisles to allow for six feet of "social distancing." ECF No. 1-1, PageID.13. According to Plaintiff's complaint, a Home Depot store employee was "assigned to direct customer traffic, which included directing customers to check-out lanes as they became open, reminding customers to maintain six feet of separation, and directing customers to the end of the line." *Id*.

As Plaintiff stood in line, a woman approached the check-out lane in front of several individuals already in line, including Plaintiff. The store employee directed the customer to the end of the line where she should stand. But, as the woman began to comply with the store employee's instructions, a man in front of Plaintiff told the woman she could take a position in front of him. According to Plaintiff, the Home Depot store employee "failed, neglected and refused to say or do anything to intervene in the man's attempt to have the woman cut the line." ECF No. 1-1, PageID.14.

The man began to back up to allow the woman to "cut the line in front of him," and in the process he "stepped on Plaintiff's foot and

collided with her causing her to fall and suffer injury." ECF No. 1-1, PageID.14. Plaintiff alleges that Defendant Home Depot had a duty to "reasonably control customer traffic at check out lanes," was negligent in this control, and "as a proximate result" of Defendant's negligence, Plaintiff suffered "serious injuries." *Id*.

Plaintiff filed her original complaint in Wayne County Circuit Court on September 14, 2020. The summons and complaint were served on Defendant on October 13, 2020. ECF No. 5, PageID.30. On December 21, 2020, Defendant filed a notice of removal on the basis of diversity of citizenship between the parties.

Now before the Court is Plaintiff's motion for remand, which argues that Defendant's notice of removal was untimely because it was filed beyond the 30 day period required under 28 U.S.C. § 1441(b). ECF No. 5, PageID.31. In response, Defendant's argue that removal was timely because the amount in controversy was not established until December 8, 2020. ECF No. 7, PageID.6.

## LEGAL STANDARD

"District courts may exercise diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 468 (6th Cir. 2019) (quoting 28 U.S.C. § 1332(a)(1)). A defendant who seeks to remove a case to federal court must file a notice of removal,

3

which contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

When a defendant invokes federal-court jurisdiction, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operation Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). However, if a plaintiff contests the amount-in-controversy allegation, removal is proper if the district court finds that by a "preponderance of the evidence" the amount-in-controversy exceeds the jurisdictional threshold. *Id*. at 88. See also *Heyman*, 781 F. App'x at 471 (emphasis in original) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 150 (6th Cir. 1993), abrogated on other grounds in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)) ("Such a preponderance-of-the-evidence test, however, "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.").

As the Sixth Circuit has made clear, "[i]f a federal district court would have jurisdiction over a case as stated by the initial pleading, the defendant may file a notice of removal within thirty days after receiving

4

service of the initial pleading. *Id.* § 1446(b)(1). Otherwise, the defendant may file a notice of removal within thirty days after receiving the 'paper from which it may first be ascertained that the case is one which is or has become removable.' *Id.* § 1446(b)(3)." *Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt.*, LLC, 695 F. App'x 908, 911–12 (6th Cir. 2017). Stated differently, "the thirty-day period for removal begins when a defendant has solid and unambiguous information that a federal district court would have jurisdiction over the case." *Id.* at 912.

## ANALYSIS

To determine whether Defendant Home Depot's removal was timely, this Court must first establish when the thirty-day period for removal began. In this case, removal was based on diversity jurisdiction, so the thirty-day period began when Defendant had "solid and unambiguous information" that (1) Plaintiff's citizenship differed from Defendant's, and (2) the amount in controversy exceeded $75,000. *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). Diversity of citizenship was clearly established in the initial pleading as the complaint states that Plaintiff Saunders is a resident of Michigan and Defendant Home Depot "is a foreign corporation, doing business in the state of Michigan." ECF No. 1-1, PageID.12. Therefore, the only issue with regard to diversity jurisdiction is the amount in controversy and when Defendant had "solid and unambiguous information" that the

5

amount in controversy exceeded the jurisdictional requirement. *Forest Creek Townhomes, LLC*, 695 F. App'x at 912

Plaintiff argues that there is "irrefutable evidence" that the notice of removal was filed beyond the thirty-day deadline because an email from Defendant's representative, dated November 17, 2020, establishes that the complaint was received on or before that date. *See* ECF No. 5, PageID.36-37. The notice of removal was not filed until December 21, 2020—which is beyond thirty days from the receipt of the email confirming that Defendant's had received the complaint. But, this argument relies on a faulty understanding of when the thirty-day period for review beings. Contrary to Plaintiff's argument, "[t]he 30–day period in § 1446(b)(1) starts to run only if the initial pleading contains 'solid and unambiguous information that the case is removable.'" *Berera*, 779 F.3d at 364 (6th Cir. 2015) (internal citations omitted); *See also Forest Creek Townhomes, LLC*, 695 F. App'x at 912.

It is undisputed that the initial complaint did not state a specific jurisdictional amount: it only provided that the "amount in controversy exceeds $25,000." ECF No. 1-1, PageID.13. *See Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 548, n.5 (6th Cir. 2005). Additionally, the complaint did not state any information about the type and severity of Plaintiff's injuries that would allow one to gather "unambiguous" information regarding the amount in controversy. The only description of Plaintiff's injury in the original complaint is that "the man stepped on the Plaintiff's

6

foot and collided with her causing her to fall and suffer injury," and the proclamation that as a "proximate result of the defendant's negligence, Plaintiff suffered *serious* injuries." ECF No. 1-1, PageID.14 (emphasis added). This can hardly be said to provide enough information for Defendant to determine that the amount in controversy exceeded $75,000. *See Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993) ("The removability of the action must be readily ascertainable from the face of the pleading."). Accordingly, the thirty-day period for removal did not begin when Plaintiff served the complaint on Defendant.

Next, because Defendant could not ascertain the amount in controversy from the initial pleadings, the Court turns to the other papers to determine when Defendant first received solid information that the case was removable. *See Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 950 (6th Cir. 2011) ("Section 1446(b) allows the filing of a notice of removal within 30 days after receipt of a document '*from which it may first be ascertained*' that the case is removable.") (emphasis in original). Defendant Home Depot alleges that the thirty-day period began on December 8, 2020, when Plaintiff provided information concerning her specific alleged injuries and a demand for $650,000, which was clearly in excess of the jurisdictional threshold for removal to federal court. ECF No. 7, PageID.65. Defendant filed a notice of removal on December 21,

7

2020, which would be well within the thirty-day removal if the clock did begin running on December 8, 2020. ECF No. 7, PageID.66.

Plaintiff, however, contends that Defendant received sufficient information to establish the amount in controversy prior to December 8, 2020. First, Plaintiff alleges that her counsel contacted Lakisha Jones-Denham, the Home Depot assistant manager at the Northville Township location, on May 28, 2020. ECF No. 5, PageID.46. While Plaintiff's counsel admits in his sworn affidavit that his notes of the conversation, "do not reflect that she asked about Plaintiff's well-being," Plaintiff's counsel contends he informed Ms. Jones-Denham that Plaintiff had suffered a fractured vertebrae, two comprehension disc injuries, and injuries to both of her thumbs. ECF No. 5, PageID.46. Counsel also "advised that spinal surgery was imminent." Id. at PageID.47. Next, Plaintiff's counsel asserts that three to four weeks after speaking with Ms. Jones-Denham, another representative from Home Depot contacted his office. ECF No. 5, PageID.47. Although Plaintiff's counsel admits that he has "vague recollection" of the call and that he took no notes, he asserts that he is "confident" that he informed the second representative that Plaintiff was about to "about to undergo back surgery if the call was before June 15, or that she had back surgery to address the L-5 fracture she suffered in her fall." Id. And finally, Plaintiff's counsel asserts that he called Anna Friday, a claims examiner, on November 20, 2020 in response to an email requesting updated information regarding

Plaintiff's condition. *Id*. at PageID.48. Plaintiff's counsel asserts that during this call he informed Ms. Friday about his client's "compression fracture to her L-5 vertebrae and the disc injuries, her surgery, her persistent pain and discomfort, and her thumb injuries." *Id*.

Assuming that Plaintiff counsel's account is correct, the facts alleged are not sufficient to give notice that the amount in controversy clearly exceeded the jurisdictional requirement. Counsel's May 28, 2020 phone call only provided Ms. Jones-Denham a very high-level description of the alleged injuries that had occurred: there was no discussion of costs, medical bills, or lost wages, as the spinal surgery had yet to occur and decisions regarding other treatments were outstanding. ECF No. 5, PageID.47. Additionally, Plaintiff counsel admits that, despite taking notes, his recollection of the communication is "vague." This certainly cannot meet the "solid and unambiguous information" standard outlined by the Sixth Circuit. *Forest Creek Townhomes, LLC*, 695 F. App'x at 912.

Plaintiff's second communication, a phone call with an unidentified male representative, provides even less specifics: there are no notes from the conversation, no confirmation of the representative's name or telephone number, and while information was provided that Plaintiff was or did undergo back surgery, there was no corroborating information on costs. In fact, Plaintiff counsel's admission that the representative was considering a settlement for less than $10,000 provides some, albeit limited, support for the conclusion that the information provided to

9

Defendant—or its representatives—was not sufficient information to permit them to ascertain the amount in controversy. The same can be said about the November 20, 2020 call with Ms. Friday: generally discussing a fracture, surgery, and plaintiff's injuries on a high-level does not meet the threshold of "unambiguous." This information is also not provided in Plaintiff counsel's May 28, 2020 follow-up email, which only states that Plaintiff was "injured when she was knocked to the floor." ECF No. 7-2, PageID.70.

Further, the record shows that Defendant actively sought specific information to assist in determining the amount in controversy, but Plaintiff did not provide it. In an email sent to Plaintiff counsel on June 18, 2020, a claims administrator for Home Depot requested that Plaintiff provide medical documentation or wage loss information, in addition to an explanation of the theory of liability against Home Depot and the opportunity to take a recorded statement. ECF No. 7-3, PageID.72. It is unclear why Plaintiff did not provide this information—either in June when initially requested, after the complaint was filed, or after the complaint was served. In fact, it was not until December 8, 2020, that Plaintiff counsel stated that, "[m]edical records are too voluminous to forward herewith, however, I am sending the operative report to corroborate our claim of serious injury." ECF No. 7-4, PageID.74. It was also in this email, after Ms. Friday requested a demand, that Plaintiff first provided Defendant with any dollar amount relating to injuries or

damages. Additionally, the email notes that Defendant is already aware of the theory of liability, as it is outlined in the case, and therefore Plaintiff's counsel "will not discuss those issues again in this email," but goes on to provide a list of her injuries, procedures undertaken thus far, and the ongoing impact of those injuries on Plaintiff. *Id*. The acknowledgment by Plaintiff that other issues had previously been discussed and therefore would not be included supports Defendant's position that the December 8, 2020 email was the first time it received a robust description of the injuries and specific monetary demand. Finally, nowhere in the pleadings or briefing does Plaintiff contend that the amount in controversy is in fact less than $75,000—nor indeed does it appear that Plaintiff could make such a contention because the demand letter seeks a settlement for "no less, than $650,000." ECF No. 7-4, PageID.74.

In sum, the record shows that Defendant did not have access to information, either in the pleadings or papers provided by Plaintiff, from which it could ascertain that the case was removable based on the amount in controversy—until receiving the December 8, 2020 email. Defendant removed this case less than thirty days after receiving unambiguous information that the amount in controversy was sufficient to make the case removable. Accordingly, removal was timely under 28 U.S.C. § 1446(b)(3).

## CONCLUSION

For the reasons outlined above, Plaintiff's motion for remand (ECF No. 5) is **DENIED**.

**SO ORDERED.**

Dated: June 21, 2021        s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE