UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANGELA DELORES SAUNDERS**<br><br>Plaintiff,<br><br>vs.<br><br>**THE HOME DEPOT, INC.,**<br><br>Defendant. | 2:20-CV-13337-TGB-CI<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**(ECF NO. 15)** |

    This case concerns an accident that occurred at a Home Depot store in Northville Township. Defendant has moved for judgment on the pleadings. The Court granted that motion without prejudice, and Plaintiff moved for reconsideration. For the reasons stated below, Plaintiff's motion for reconsideration will be **DENIED**.

## I.     STANDARD OF REVIEW

    Plaintiff moves for reconsideration under Eastern District of Michigan Local Rule 7.1(h)(2)(A). To prevail on such a motion, Plaintiff must show that "the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." L.R. 7.1(h)(2)(A). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable

1

implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

## II. DISCUSSION

Plaintiff maintains that the Court erred in three respects. First, Plaintiff contends that the Court erred in its analysis of whether Defendant violated any duty imposed by Governor Whitmer's Executive Order 2020-42.[1] In its Order, the Court explained that while EO 2020-42 imposed certain obligations on Home Depot and other retailers, the requirements of the Governor's order did not create a general duty to keep customers from accidentally colliding into one another in Home Depot's checkout lanes.

But in her Motion for Reconsideration, Plaintiff disclaims any negligence theory based on the *violation* of the Governor's COVID-19 Order. Instead, she explains that Home Depot assumed an additional duty to the Plaintiff because it decided to provide more than EO 2020-42 required by assigning an employee to monitor the checkout area. Because Plaintiff does not seek to use a violation of EO 2020-42 as evidence of negligence, the Court need not revisit its analysis of that issue.

---

[1] Plaintiff notes that the version of EO 2020-42 most readily available on the State of Michigan's website lacks clear section and sub-section identifiers, and is confusingly formatted. *See* Executive Order 2020-42 (April 9, 2020) (plain text), available at [https://perma.cc/VTW3-8QPR]. The Court agrees, and encourages reference to the original PDF version, available at https://perma.cc/MV3C-ZGVV.

Next, Plaintiff faults the Court's finding that Plaintiff did not sufficiently allege that Home Depot assumed a duty to protect against the kind of harm that happened here. Plaintiff also disputes the additional conclusion that, whatever measures Home Depot did affirmatively undertake to manage the checkout line, there are insufficient allegations that performed them negligently.

Plaintiff argues that the cases the Court relied upon, *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495 (1988) and *McNeal v. Henry*, 82 Mich. App. 88 (1978), were factually inapposite, because those cases dealt with injury-causing acts of third parties that were criminal, not merely inadvertent, as here. But the Court acknowledged that distinction in its Order and explained that the Michigan Court of Appeals has applied the same logic to cases involving negligent third parties. ECF No. 22, PageID.184 (citing *Sindel v. Merch. Detective Agency*, 2001 WL 740125 at *2 (Mich. Ct. App. Feb. 16, 2001)).

Plaintiff also argues that neither *Williams* nor *McNeal* involved a defendant "alleged to have negligently performed an affirmatively assumed undertaking." ECF No. 23, PageID.196. While that is true, the Court noted that Michigan's courts have nevertheless applied similar analysis when considering assumption-of-duty claims. *See* ECF No. 22, PageID.185-86 (citing *Scott v. Harper Recreation, Inc.*, 444 Mich. 441, 448-50 (1993); *Est. of Sliger by Sliger v. Bonno*, 2022 WL 2182536 at *1 (Mich. Ct. App. June 16, 2022)).

3

Plaintiff contends that *Scott* is distinguishable, because there the defendant nightclub was found to have lived up to the limited promises it made about the safety of its parking lot. Here, Plaintiff says, Home Depot did not properly perform its undertaking to manage customer traffic. But as the Court explained, Plaintiff does not allege facts that would take this case outside of the ambit of *Scott* and *Sliger*. In *Scott,* the nightclub was required only to live up to the limited promises it actually made. Likewise here, the alleged facts do not say that Home Depot assumed a broad duty to protect its customers from collisions with other shoppers in the checkout line.

And as for the argument that Home Depot or its employee negligently implemented its social distancing policy, the Court determined that Plaintiff had not alleged that the Home Depot employee near the check-out line actually saw the man backing up towards the Plaintiff or was in a position to stop the collision. Nor did the Complaint allege with specificity that the employee otherwise caused, contributed to, or failed to stop the collision.

Finally, Plaintiff argues that the Court erred by not allowing her to amend her complaint. But the Court's dismissal was without prejudice. Plaintiff was and remains permitted to seek leave to amend her complaint, which would reopen this case. Any motion for leave to amend should include a copy of the proposed amended complaint.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

Dated: June 16, 2023      s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE